# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REUBEN CARSON BLAKE, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-18-3433 |
| TIMOTHY J. STEWART, WARDEN | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Reuben Carson Blake, an inmate incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("Cumberland"), has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Blake challenges the Federal Bureau of Prison's ("BOP") computation of his sentence and alleges that his criminal defense attorney provided ineffective assistance of counsel. ECF No. 1. As relief, Blake asks that he be awarded 21 months and seven days prior custody credit.

Respondent Warden Timothy Stewart moves to dismiss the Petition, or alternatively for summary judgment. ECF No. 9. Although this Court advised Blake of his right to respond to Stewart's motion (ECF No. 11), Blake has not done so. The Court now rules pursuant to Local Rule 105.6 because a hearing is not necessary. For the follow reasons, the motion is granted.

**I.    Background**

On October 4, 2010, Blake was arrested and charged in Virginia state court with assault and trespass in Waynesboro, Virginia, as well as eluding police and possession with intent to distribute marijuana in Staunton, Virginia. ECF No. 9-2, p. 3, ¶ 4 (Martin Decl.); ECF No. 9-2, pp. 12-22. Blake also had an outstanding warrant for breaking and entering, destruction of property, and grand larceny, in Augusta County Virginia. *Id.* On November 5, 2010, the

Waynesboro General District Court sentenced Blake to 30 days of confinement for the assault and trespass charges. ECF No. 9-2, p. 3, ¶ 5, p. 24. On March 23, 2011, Blake received one and a half years of confinement for eluding police and possessing with intent to distribute marijuana in the Augusta County Circuit Court, with credit for time spent in state custody from September 11, 2009 through February 26, 2010, and from October 4, 2010 through January 25, 2012. ECF No. 9-2, p. 3, ¶ 6; ECF No. 9-2, p. 24.

After Blake was released from the above prison sentences, Blake's probation was revoked in the Staunton criminal matter and he was sentenced to an additional six months of confinement for the violation. ECF No. 9-2, ¶ 7; ECF No. 9-2, p. 24. Blake completed this state sentence on January 25, 2012. ECF No. 9-2, ¶ 8. On April 30, 2013, the Augusta County Circuit Court next revoked his probation and sentenced him to one year of confinement, with credit for time spent in pretrial detention on this violation. ECF No. 9-2, p. 4, ¶ 9, p. 27. As directed, Blake reported to the Middle River Regional Jail on May 7, 2013 to begin serving the Augusta county sentence. *Id.* ¶¶ 9-10, p. 28. On July 10, 2013, the Augusta County Circuit Court also revoked a separate probationary sentence and imposed three months' confinement with credit for time spent in detention pending his hearing. *Id.* ¶ 11.

On March 24, 2014, while Blake was in primary state custody, the United States Marshals transported him to federal custody pursuant to writ of habeas corpus *ad prosequendum*. ECF No. 9-2, ¶ 12. On May 12, 2014, Blake was paroled for his state sentences and thus, as of that date, was released from state custody into primary federal custody where he remained detained pending the resolution of his federal case. ECF No. 9-2, ¶ 13; ECF No. 9-2, p. 36.

On February 24, 2015, Blake was sentenced to 120 months custody of the Bureau of Prisons in the federal case. ECF No. 9-2, p. 5 ¶ 14, pp. 38-43. The BOP computed Blake's 120-

month sentence to begin on February 24, 2015, the date his federal sentence was imposed, with credit for the time spending in primary federal detention from May 13, 2014 (the day after he completed his state sentence) to February 23, 2015 (the day before his federal sentence commenced). ECF No. 9-2, p. 6, ¶¶ 16, 18. Blake did not receive any other credit toward his federal sentence because the BOP determined that all other time was otherwise credited toward another state sentence. *Id*. ¶¶ 15, 17. Further, because the federal court did not expressly state that the federal sentence was to run concurrently with any other previously imposed state sentence, the BOP construed the federal sentence as one to be served consecutively to any other sentence. *Id*., ¶ 15; ECF No. 9-2, pp. 38-43. BOP thus calculated Blake's release date to be June 14, 2023, with credit for good conduct time. ECF No. 9-2, ¶ 18; ECF No. 9-2, pp. 49, 73, 74.

While at Cumberland, Blake filed two administrative complaints regarding BOP's calculation of his confinement term. ECF No. 9-3, ¶ 7 (Williams Decl.); ECF No. 9-2, p. 52. Both were denied. Blake appealed only one of the two complaints to the Mid-Atlantic Regional Office on November 13, 2018. *Id*., ¶ 8. The Mid-Atlantic Regional Office denied the appeal on December 13, 2018. *Id*. Blake took no further appeal. *Id*.

## II. Standard of Review

The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent the Rules do not conflict with any statutory provisions or the rules governing habeas corpus proceedings. *See* R. 12, Rules Governing § 2254 Cases.[1] Dismissal of the Petition may be warranted where it is clear from the face of the Petition and attachments that Petitioner is not entitled to relief. *Id*. at Rule 4.

---

[1] The district court may apply the rules governing § 2254 petitions to any habeas corpus petition that does not concern a challenge to custody pursuant to a state-court judgment. R. 1(a), Rules Governing § 2254 Cases.

3

Alternatively, if the Court considers evidence beyond the Petition, summary judgment may may be granted when the moving party demonstrates that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a), (c)(1)(A); *see also Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009); *Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). A mere "scintilla of evidence" suggesting a material dispute cannot defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rather, the record evidence must demonstrate that a reasonable trier of fact could find in favor of the nonmoving party. *Matsushita Elec Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When reviewing a motion for summary judgment, the Court must view all facts in the light most favorable to the non-moving party. *See* Fed. R. Civ. P. 56(a); *see also In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011).

**III. Analysis**

Blake challenges the BOP's sentencing computation. However, because Blake has failed to exhaust administrative remedies, the Petition must be dismissed. It is well-established that a petitioner seeking judicial review of agency actions must first have exhausted available remedies within the agency prior to filing suit. *See McKart v. United States*, 395 U.S. 185, 193-95 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence," that is, "to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). Petitioners seeking relief under § 2241 are subject to this exhaustion requirement. *See Branden v. 30 Judicial Cir. Ct.*, 410 U.S. 484, 489-92 (1973); *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (Petitioner must exhaust administrative remedies prior to filing § 2241 petition seeking restoration of good conduct credits); *Asare v. United States Parole*

*Commission*, 2 F.3d 540, 544 (4th Cir. 1993) (challenging BOP projected release date requires exhaustion).

The BOP has established a grievance procedure for challenging sentencing calculations. *See* 28 C.F.R. § 542.10 *et seq*. If the inmate cannot resolve his complaints informally, he must file a formal written complaint to the Warden of the facility in which the inmate is housed and within 20 calendar days of the date of the occurrence on which the complaint is based. *See id.* at § 542.14(a). If dissatisfied with the Warden's determination, the inmate next must appeal that decision to the Regional Director within 20 calendar days from the Warden's response. *See id.* at § 542.15(a). If dissatisfied with the Regional Director's determination, he next must appeal to the Office of General Counsel, Washington, D.C., using the appropriate forms. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued remedial action at all levels. *See id.*

The record evidence demonstrates that while Blake initiated administrative challenge regarding the computation of his sentence, he has not fully exhausted remedies at all stages available and he has provided no valid excuse for his failure to do so. Accordingly, the Petition must be dismissed for failure to exhaust administrative remedies.

Alternatively, even if Blake had exhausted his administrative remedies, the Court finds on this record that he would not be entitled to relief on the merits. 18 U.S.C. § 3585(a) plainly states that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Where, as here, the federal sentencing judge has not expressed clearly on the record that she intends for the federal sentence

to run concurrently with another sentence, the federal sentence must be served consecutively to any other prison term. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Further, an inmate does not receive credit toward the federal sentence for any period that has otherwise been credited against another sentence. 18 U.S.C. § 3585(b), states that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed **that has not been credited against another sentence**.

(emphasis added). The purpose of this section is prevent an inmate from receiving "double credit" for time spent in detention toward more than one sentence. *United States v. Wilson,* 503 U.S. 337 (1992); *see also McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (intent of 18 U.S.C. § 3585(b) is to prevent double credit incurred before commencement of sentence).

Additionally, an inmate does not begin serving his federal sentence until he is received into BOP custody. *See* 18 U.S.C. § 3568. An inmate is not in custody for the purpose of serving a federal sentence unless he is in primary federal custody. When a defendant has both state and federal charges, the sovereign that first arrests the defendant is the sovereign that obtains primary jurisdiction over him, and that sovereign retains primary jurisdiction until it is relinquished. *Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). Primary jurisdiction may be relinquished by expiration of the defendant's sentence. *See, e.g., Cole*, 416 F.3d at 897.

6

Once a sovereign relinquishes primary jurisdiction over an individual, another sovereign may assume primary jurisdiction over that person. *Id*. Importantly, primary jurisdiction is not relinquished merely because a defendant is borrowed from the custody of the state via writ of habeas corpus *ad prosequendum* for purposes of conducting criminal proceedings. *See Thomas*, 962 F.2d at 361 n.3; *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998). Following the completion of its criminal proceedings, the receiving jurisdiction returns the defendant to the jurisdiction from which he was borrowed pursuant to the writ; the jurisdiction that "loans" a defendant to another sovereign for prosecution does not relinquish primary jurisdiction over that inmate. *Thomas,* 962 F.3d at 361 n.3.

The record indisputably reflects that while serving state sentences, Blake was taken into temporary custody by federal authorities on March 24, 2014 for the purpose of appearing in his federal criminal matter. The state authorities maintained primary jurisdiction over Blake and the federal authorities merely "borrowed" him for the pending federal case. Blake continued to receive state credit for serving his state sentence during this time until he was released on parole from his state sentence on Mary 12, 2014. Thus, pursuant to 18 U.S.C. § 3585(b), Blake cannot receive credit toward his federal sentence for the time that was otherwise credited toward his state sentence. Summary judgment is thus appropriate as to Defendants because Blake has received all the prior custody credit to which he was entitled.

Blake also challenges the effectiveness of his defense attorney "for not having my sentencing court [] award me credit for time spent in state custody." ECF No. 1, p. 7. This claim cannot be raised in a § 2241 Petition and should instead be brought separately pursuant to 28 U.S.C. § 2255. A writ of habeas corpus pursuant to 28 U.S.C.§ 2241 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for

obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), and a § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence through a § 2241 petition, a narrow exception exists under the "savings clause" of § 2255 allowing a prisoner to seek relief where § 2241 is inadequate or ineffective to test the legality of the conviction. This exception arises where: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional magnitude. *Jones* 226 F.3d 333-34.

Blake's claim does not fall under this exception. Blake has not demonstrated the requisite change in substantive law. Further, Blake does not request that we construe his petition as one seeking relief under § 2255. The Court notes that to the extent Blake can, or wishes to, pursue such relief, he must do so in the district where the underlying proceedings occurred, namely the Western District of Virginia. Blake's § 2241 Petition raising the ineffectiveness of counsel claim is dismissed.

For the above-stated reasons, Respondent's motion is granted. A separate order follows.

9/10/19 /S/
_____ _____
Date Paula Xinis
United States District Judge

8